# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **DARLENE CAROL POPE,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.: 4:04-CV-3474-RDP |
| | } | |
| **HOME DEPOT USA, INC.,** | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

Pending before the court is Defendant's Motion for Summary Judgment. (Doc. # 19). The motion was under submission, without oral argument, as of January 19, 2006. (Doc. # 7).

This premises-liability case arises from injuries received by Plaintiff when she fell in the Garden Center at the Trussville Home Depot store. Plaintiff claims that Defendant allowed a dangerous condition to exist on the floor of the Garden Center which caused Plaintiff to fall. Defendant's summary judgment motion claims that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. For the reasons outlined below, the court finds that Defendant's motion for summary judgment is due to be granted.

**I.      Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate

the absence of a genuine issue of material fact. *See Id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

## II.     Relevant Undisputed Facts[1]

On October 30, 2002, Plaintiff went to the Trussville Home Depot store, where she previously had shopped many times. (Depo. of D. Pope, at 91, 92). Plaintiff was going to get a flower from the Garden Center and was pushing a shopping cart. (Depo. of D. Pope, at 91, 92). After turning the shopping cart down an aisle in the Garden Center, Plaintiff stepped to the side of the cart and grabbed it on the side with her right hand to "straighten it." (Depo. of D. Pope, at 103, 104). After straightening the shopping cart from its side, Plaintiff was stepping backwards with her right leg and landed on a tray of flowers. (Depo. of D. Pope, at 113-14). The flowers Plaintiff stepped on were behind her, and she was not looking at them or where she was stepping. (Depo. of

---

[1] If facts are in dispute, they are stated in the manner most favorable to the non-movant, *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993), although the court has noted when the parties dispute material facts.

D. Pope, at 105, 113-14, 116). Plaintiff lost her balance and fell down. (Depo. of D. Pope, at 113-16).

Plaintiff did not see the flower tray that she believes she stepped on until she landed on the ground. (Depo. of D. Pope, at 109, 118). At that point, she noticed that a flower tray was "sticking out just a little bit out in the aisle" or "several inches I would think." (Depo. of D. Pope, at 118, 119, 123). According to Plaintiff, the flowers were "cater-cornered" with one tray out a little farther than the other after she stepped on them and fell. (Depo. of D. Pope, at 121). It is undisputed that after Plaintiff had fallen, a flower tray in the immediate vicinity of Plaintiff's fall was slightly outside the confines of the racking/display. (Depo. of Bates, at 78; Doc. # 20, Ex. E).

Melissa Atkins, the cashier at the Garden Center of the Trussville Home Depot store, assisted the Plaintiff minutes after the accident. (Affidavit of M. Atkins, ¶ 1, 2). Atkins examined the area of the Plaintiff's incident and took photographs of the accident scene immediately after the accident occurred. (Aff. of M. Atkins, ¶ 3, 4 & photographs attached thereto). Atkins found the other flower trays in the aisle neatly stored and underneath the display tables. (Aff. of M. Atkins, ¶ 4). Atkins filled out an Incident Witness Statement and an Incident Report or General Liability Claim Worksheet. (Doc. # 19, Exs. C, D). As a result of the fall, Plaintiff sustained a comminuted intra-articular split T-type fracture of the distal femur. (Doc. # 20, Ex. H).

Defendant was not aware, or notified, prior to the incident that a flower tray was protruding into an aisle. (Aff. of M. Atkins ¶ 7). Home Depot employees, including Atkins, are trained to be on the lookout for any merchandise that could be a trip hazard or potentially cause injury to a customer (Aff. of M. Atkins ¶ 5), although no training records from the time of the incident are available. (Depo. of Bates, at 36-37, 80-81). The Trussville store has a "Safety Team" of five to

3

seven employees who perform weekly walks of the entire store to determine if the store is safe for Home Depot's customers and employees. (Aff. of M. Atkins ¶ 6). However, no records remain to indicate whether any inspections were conducted in the Garden Center around the time of the incident. (Depo. of Bates, at 36-37, 80-81).

Home Depot's specific merchandising guidelines provide that all merchandise, including merchandise on the floor, is to be placed inside the display racking and contained within the display structure itself. (Depo. of Bates, at 28-31; Doc. # 20, Ex. G, at 13). Safety is one reason for the rule that all merchandise is to be kept within the parameters of its racking. (Depo. of Bates, at 32-33, 87). Therefore, if Home Depot personnel were aware that a tray of flowers was protruding, the proper procedure would be to place it back under the display table. (Depo. of Bates, at 96-97).

**III.    Applicable Substantive Law and Analysis**

Storekeepers, like Home Depot, have a duty "to exercise reasonable care to provide and maintain reasonably safe premises for the use of [their] customers." *Dolgencorp, Inc. v. Hall,* 890 So. 2d 98, 100 (Ala. 2003)(internal quotations omitted).[2] "The storekeeper is not an insurer of the customer's safety, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition." *Clayton v. The Kroger Company, Inc.*, 455 So.2d 844, 845 (Ala. 1984). Accordingly, no presumption of negligence arises from the mere fact of injury to the customer. *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So.2d 874, 876 (Ala. 1981).

---

[2] It is undisputed that Plaintiff was an invitee of Home Depot. *Browder v. Food Giant, Inc.*, 854 So. 2d 594, 595 (Ala. Civ. App. 2002)("When a person visits the premises for commercial purposes . . . the person is an invitee.").

4

In a premises-liability case like this one, it is the plaintiff's burden to prove that any injury was proximately caused by the negligence of the storekeeper or one of his servants or employees. *Clayton*, 455 So.2d at 845. As a general rule, actual or constructive notice of the presence of the offending substance or condition must be proven before the storekeeper can be held responsible for the injury. *Hall*, 890 So. 2d at 100; *Cash*, 418 So. 2d at 876.[3] However, "[w]hen the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice." *Wal-Mart Stores, Inc. v. McClinton*, 631 So.2d 232, 234 (Ala. 1993).[4]

In this case, there is no evidence that Home Depot caused the flower tray to protrude into the aisle or knew that it was positioned that way. In fact, even Plaintiff has admitted that she does not know if the tray of flowers was protruding outside of the display rack at the time she stepped onto it. (Depo. of D. Pope, at 109, 118). Plaintiff testified that the tray was "slightly out" into the aisle

---

[3] A premises owner is not an insurer of his invitee's safety and *res ipsa loquitur* is not applicable. *Shaw v. City of Lipscomb*, 380 So. 2d 812, 814 (Ala. 1980). If, as in the case, "one can reasonably conclude that the accident could have happened without any negligence on the part of the defendant[], then the *res ipsa loquitur* presumption does not apply." *Kmart Corp. v. Bassett*, 769 So. 2d 282, 286 (Ala. 2000).

[4] The Alabama Supreme Court has presumed notice in only two types of cases – where it is clear that the hazard was created by a store employee or where the hazard is part of the store premises itself. *See e.g.*, *Denmark v. Mercantile Stores Co*, 844 So.2d 1189, 1194 (Ala. 2002)(finding that a roll of garment bags that were "not supposed to be outside the checkout counter" had been placed in the display area by a store employee); *Dunklin v. Winn-Dixie of Montgomery,* 595 So. 2d 463, 465 (Ala. 1992) (finding that Plaintiff had presented substantial evidence that an employee had spilled water on the floor); *Wal-Mart Stores, Inc. v. McClinton*, 631 So. 2d 232, 235 (Ala. 1993)(finding that Wal-Mart employees had placed a gun cabinet in the aisle); *Mims v. Jack's Restaurant*, 565 So. 2d 609, 610 (Ala. 1990)(finding that a loose metal threshold at the front door was a defect in the premises); *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 864 (Ala. 2001)(finding that a barbeque grill display arranged by store employees was hazardous).

or "several inches" out into the aisle at the time she first saw them – after she had already stepped on them and had fallen. (Depo. of D. Pope, at 109, 118). Although Plaintiff speculates that the flower tray was improperly positioned in the display rack, causing her to fall over it, it is equally possible that the flower tray was properly underneath the display rack when her foot stepped on it, causing the tray to move out into the aisle. Plaintiff admits that she cannot say whether she was responsible for the flower tray being moved into the aisle "a few inches." (Depo. of D. Pope, at 121).

Nor is there any evidence to show that had the flower tray been positioned in the aisle, it was there "for an inordinate length of time so as to impute constructive notice." *Clayton*, 455 So.2d at 845. There is some evidence that Home Depot employees are trained to be on the lookout for any merchandise that could be a trip hazard, and that the Trussville Home Depot employees had not been notified, nor were aware, that on the day of the incident a flower tray was stored in such a way that it might create a tripping hazard. (Aff. of M. Atkins ¶¶ 5, 7). Although Plaintiff points out that no records are available from the Trussville Home Depot to indicate that zone or aisle inspections were indeed carried out on the day of the incident, (Depo. of Bates, at 36-37, 80-81), the absence of such documentary evidence does not in and of itself result in a presumption of constructive notice. It is Plaintiff's burden – not Defendant's – to present substantial evidence to support each element of her claim. Plaintiff can only speculate that the flower tray was protruding a few inches outside of the display rack "for an inordinate length of time," which is not sufficient to impute constructive notice.

Based on the scant evidence before the court, it is certainly possible that another customer moved the flower tray only moments before the incident, or that Plaintiff's foot dislodged the tray as she fell after stepping back into it. Because of the lack of substantial evidence that Defendant caused the flower tray to protrude into the aisle, or knew or should have known that it was positioned

that way, the court finds that Plaintiff cannot overcome Defendant's motion for summary judgment as to her negligence claim.[5]

Plaintiff's failure to establish negligence on the part of Defendant is also fatal to her wanton claim. It is well settled that a party who alleges wanton conduct as a cause of action and seeks punitive damages must prove that the defendant consciously or deliberately engaged in conduct carried on with reckless or conscious disregard for the rights or safety of others. *Berry v. Fife*, 590 So. 2d 884, 885 (Ala. 1991); Ala. Code § 6-11-20(a). The evidence in this case simply does not support such a claim.

## IV.   Conclusion

For the reasons stated above, the court finds that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. A separate order will be entered granting Defendant's motion for summary judgment.

**DONE** and **ORDERED** this ____31st____ day of January, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[5] The court also notes that Plaintiff's decision to step backwards in the aisle without looking where she was going may indicate that Plaintiff was contributorily negligent, serving as a complete bar to any recovery. *Brown v. Piggly Wiggly Stores*, 454 So. 2d 1370, 1372 (Ala. 2004) (finding that where the facts are such that all reasonable men must reach the same conclusion, contributory negligence may be found as a matter of law). Plaintiff testified that she was walking backwards, without looking where she was stepping, when she encountered the tray of flowers that was behind her. (Depo. of D. Pope, at 105, 115, 116). It is undisputed that at the time of the incident, Plaintiff was wearing a brace on her left leg, and had fallen fourteen months before and broken her left hip after tripping on a mat at her place of employment. (Depo. of D. Pope, at 53-56). Plaintiff also testified that large leafy plants at the end of the aisle may have obstructed her view of the plant trays. (Doc. # 20, Ex. F, at 3; Depo. of D. Pope, at 90-110). Nevertheless, Plaintiff chose to step backwards looking away from the row of flowers behind her. Based on these undisputed facts, a reasonable person could conclude that Plaintiff's fall was the proximate result of her failure to exercise reasonable care as she stepped backwards towards a display table of plants.